131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Humberto PEREZ, Plaintiff-Appellant,
v.
KEYSTONE SHIPPING COMPANY; Shipco 2296, Inc.; A.M.
Pumping, Inc., and S/S Keystone Canyon, her engines,
appurtenances, etc., in rem, U.S. Port Services, Inc.; and
Stageway Company, Defendants-Appellees.
 
 No. 96-55994.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 8, 1997
Decided Nov. 28, 1997.
 Appeal from the United States District Court for the Central District of California, No. CV-94-07635-MRP; Mariana R. Pfaelzer, District Judge, Presiding.
 Before: PREGERSON, D.W. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Humberto Perez ("Perez") filed a suit in district court against Keystone Shipping Co. ("Keystone") pursuant to the Jones Act, 48 U.S.C. § 668(a), for injuries he sustained while working on a Keystone vessel. Finding that Perez was not a seaman under the Jones Act, the district court granted summary judgment in favor of Keystone. The district court also found that as a matter of law Keystone was not negligent under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901-950. Perez now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and revere aid remand in part.
 
 
 3
 To be entitled no relief under the Jones Act, a plaintiff must qualify as a seaman. Whether or not Perez was a seaman at the time of his injuries is a mixed question of fact and law. The issue must be resolved by a jury unless the facts reasonably support only one conclusion: Perez was not a seaman. See, e.g., Harbor Tug & Barge Co. v. Papai, 117 S.Ct. 1535, 1540 (1997).
 
 
 4
 To qualify as a seaman, an employees duties must contribute to the function of the vessel or to the accomplishment of its mission. Chandris, Inc. v. Latsis, 515 U.S. 347, 368 (1995) (citation omitted). In addition, the worker "must have a connection to a vessel in navigation ... that is substantial in terms of both its duration and its nature." Id. In the present case, Keystone does not argue that Perez's activities did not contribute the functioning of the vessel or to the accomplishment of its mission. Rather, Keystone claims that Perez's connection with the vessel was not of sufficient duration or nature to qualify him as a seaman under the Jones Act.
 
 
 5
 We disagree. In Boy Scouts of America v. Graham, 86 F.3d 861 (9th Cir.1996), a volunteer Boy Scout guide was injured while leading a ten-day training cruise. The court found that a genuine issue of material fact existed as to whether or not the plaintiff had a connection to the vessel sufficiently substantial in duration and nature to allow relief under the Jones Act. Id. at 865. As such, the court found that district court's decision to grant summary judgment was inappropriate because the issue should have been resolved at trial. Id. at 866.
 
 
 6
 We find the reasoning in Boy Scouts to be applicable here. It is true that Perez had begun working on the vessel only one week before he sustained his injuries. Nonetheless, he spent all of his time during that week at sea, participating in maritime activities for approximately fourteen hours per day. Under Chandris, when a maritime employee "receives a new work assignment in which his essential duties [are] changed," he may gain seaman status if his new assignment involves "regular and continuous" labor oil the vessel. Chandris, 115 U.S. at 372. Thus, the fact that Perez had been recently appointed to work on the ship cannot preclude his recovery here.
 
 
 7
 Keystone's reliance on Cabral v. Healy Tibbits Builders, Inc., 118 F.3d 1363 (9th Cir.1917), is unavailing. In Cabral, the plaintiff was injured while working as a crane operator on a vessel that was docked at Pearl Harbor. The court found that as a matter of law, the plaintiff could not qualify as a seaman under the Jones Act, despite the fact that he had spent approximately ninety percent of his work time on the ship. Id. at 1366. The present case easily can be distinguished from Cabral, however, because Perez was injured while the vessel was at sea. In fact, Perez had to be evacuated off the vessel for emergency medical treatment because the facilities on the ship were inadequate. As such, Perez's employment exposed him to one of the unique perils of maritime work that the Jones Act was designed to address.
 
 
 8
 Based on the above, because we find that "reasonable persons, applying the proper legal standard, could differ as to whether [Perez] was a [seaman], it is a question for the jury." See Chandris, 515 U.S. at 369 (citations and quotations omitted). Accordingly, the district court erred in holding that as a matter of law, Perez cannot qualify as a seaman under the Jones Act.
 
 
 9
 The district court was correct, however, in granting Keystone's motion for summary judgment on Perez's claim under the LHWCA. Perez opposed summary judgment on his LHWCA claim only upon a notion for reconsideration. The district court's decision to deny his motion without, comment was entirely appropriate. We need not consider his untimely arguments now.
 
 
 10
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 11
 Each side to bear its own costs.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule, 36-3